IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Rita Saldanha, ) | C.A. No. 8:06-1177-HMH |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Standard Insurance Company, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Standard Insurance Company's ("Standard") motion to dismiss without prejudice Rita Saldanha's ("Saldanha") complaint for failure to exhaust her administrative remedies pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or alternatively to stay pending exhaustion of administrative remedies. For the reasons below, the court denies Standard's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Saldanha is a former employee of Pediatrix Medical Group ("Pediatrix"). Pediatrix provided Saldanha with long-term disability ("LTD") insurance coverage under a plan ("Plan") which was fully insured by Standard. (Compl. ¶ 4.) The Plan is covered by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001-1461.

According to the complaint, Saldanha alleges that she is unable to work due to medical problems. (Id. ¶ 5.) Standard paid Saldanha LTD benefits for a period of time, but terminated her LTD benefits on September 14, 2005. (Pl.'s Mem. Opp'n Mot. Dismiss 2; Compl. ¶ 8.) Saldanha filed a claim for LTD with Standard, which was denied. (Compl. ¶ 6.) Furthermore, Saldanha

1

alleges that she "appealed the denial and fully exhausted administrative remedies, but [Standard] has failed and refused to provide additional benefits." (Id.)  Standard moves to dismiss Saldanha's complaint on the grounds that she has failed to exhaust her administrative remedies.

## II. DISCUSSION OF THE LAW

Standard moves to dismiss Saldanha's complaint for failure to state a claim upon which relief can be granted.  See Fed. R. Civ. P. 12(b)(6).  In the United States District Court, the plaintiff must only state a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Dismissal of a complaint for failure to state a claim is proper "only if it can be said that on the claim as pleaded the claimant can prove no set of facts that would entitle her to relief." Labram v. Havel, 43 F.3d 918, 920 (4th Cir. 1995).  In reviewing a motion made under Rule 12(b)(6), the court will treat factual allegations of the nonmoving party as true.  Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994).

Standard alleges that Saldanha did not exhaust her administrative remedies before filing this suit.  Further, Standard contends that Saldanha has not provided the necessary information concerning her neurological condition to make a final determination of her LTD claim.  (Def.'s Mem. Supp. Mot. Dismiss 4.)  The Code of Federal Regulations allows 45 days for an appeal determination for a LTD benefits claim.  29 C.F.R. §§2560.503-1(i)(1) & 1(i)(3) (2006).  The plan administrator may obtain a 45-day extension if the claimant is notified in writing.  Id.  Further, if the extension is necessary

> due to a claimant's failure to submit information necessary to decide a claim, the period for making the benefit determination on review shall be tolled from the date on which the notification of the extension is sent to the claimant until the date on which the claimant responds to the request for additional information.

2

Id. § 2560.503-1(i)(4).  Standard alleges that it obtained a 45-day extension to decide Saldanha's claim.  (Def.'s Mem. Supp. Mot. Dismiss 5.)  Further, Standard argues that the time period for making the benefit determination was tolled because it did not have the information necessary to decide Saldanha's LTD claim.  (Id. 5-6.)  Therefore, Standard submits that Saldanha improperly filed this suit before a final determination of her claim.

Saldanha agrees that she must exhaust her administrative remedies before filing suit.  (Pl.'s Mem. Opp'n Mot. Dismiss 3.)  Saldanha submits she has pled exhaustion of remedies in her complaint, which is sufficient to survive a motion to dismiss.  (Id.)  The court agrees.  Although Standard alleges that Saldanha has not, in fact, exhausted her administrative remedies, at the motion to dismiss stage, all allegations of the complaint must be accepted as true.  Estate Constr., 14 F.3d at 217-18.  In the complaint, Saldanha alleges that she has exhausted her administrative remedies.[1]  (Compl. ¶ 6.)  Based on the foregoing, Standard's motion to dismiss is denied.  In addition, the court declines to stay this action.

---

[1] Although Saldanha submitted documents to support her argument that she has exhausted her administrative remedies.  The court has not considered these documents in rendering its decision.  Standard moved to dismiss under Rule 12(b)(6), and Rule 12(b) prevents the court from considering documents outside of the pleadings without converting the motion to dismiss to a motion for summary judgment.  The court declines to convert Standard's motion to dismiss to a motion for summary judgment.

Therefore, it is

**ORDERED** that Standard's motion to dismiss or alternatively to stay pending exhaustion of administrative remedies, docket number 6, is denied.

**IT IS SO ORDERED.**

                                          s/Henry M. Herlong, Jr.
                                          United States District Judge

Greenville, South Carolina
June 7, 2006